NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FREDERICK RUFFIN, JR. and
LORETTA DONATELLI, individually
and on Behalf of All Other Persons
Similarly Situated

    Plaintiffs,

vs.

AVIS BUDGET CAR RENTAL, LLC
and AVIS RENT A CAR SYSTEM, LLC

    Defendants.

Civil Action No. 11-01069-SDW-MCA

**OPINION**

September 15, 2014

**WIGENTON**, District Judge.

  Before the Court is Defendants Avis Budget Car Rental, LLC and Avis Rent A Car System, LLC's (collectively "Avis" or "Defendants") motion to certify this Court's February 10, 2014 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay this action ("Motion"). Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, this Court **DENIES** Defendants' motion.

## I.  BACKGROUND AND PROCEDURAL HISTORY

  Avis operates auto rental facilities at airports and other locations in the United States. (Comp. ¶¶ 1, 18.)  Plaintiffs are a nationwide class of Shift Managers (and other comparable

1

positions)[1] who "are or were formerly employed by Defendants . . . at any time since February 24, 2008 to the entry of judgment of the case." (Id. ¶ 21.) Plaintiffs allege that Avis misclassified them as exempt from the Fair Labor Standards Act ("FLSA") and "failed to pay them for all hours worked as well as overtime compensation" even though they performed non-exempt duties. (Id. ¶¶ 2-4, 17, 44, 50.)

Frederick Ruffin, Jr. and Loretta Donatelli—individually and on behalf of similarly situated Plaintiffs—commenced this action against Avis on February 24, 2011. (Comp. ¶ 1.) On June 28, 2012, this Court granted conditional collective action certification to Plaintiffs. Ruffin v. Avis Budget Car Rental, LLC, CIV. A. 11-01069 SDW, 2012 WL 2514841 (D.N.J. June 28, 2012). On August 2, 2013, Defendants moved for decertification of the conditional certification. (Dkt. 116) Specifically, Defendants argued that the testimony of the Plaintiffs demonstrated variations in their duties and a lack of common evidence. (Id. at 1-2, 6-26.)

On January 27, 2014, this Court found Plaintiffs to have satisfactorily demonstrated that they were similarly situated. Ruffin v. Avis Budget Car Rental, LLC, CIV.A. 11-1069 SDW, 2014 WL 294675, at *4 (D.N.J. Jan. 27, 2014). It was further determined that because Plaintiffs "performed similar day-to-day functions", the variations in their duties were immaterial and did not make the class unmanageable. Id. at *3-4. Additionally, due to the similarities among Plaintiffs' job positions, fairness weighed in favor of the Plaintiffs. Id. Consequently, Defendants' motion to decertify the collective action was denied. Id. On February 18, 2014, Defendants moved for leave to file an interlocutory appeal and for a stay of proceedings under 28 U.S.C. § 1292(b). (Dkt. 116, Defs Mot.)

---

[1] Although the putative class consists of Shift Managers, Preferred Managers, and other comparable positions with different titles, nearly every deposed Plaintiff worked as a Shift Manager.

## II. LEGAL STANDARD

Interlocutory appeals are generally disfavored because "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." Mohawk Indus. v. Carpenter, 558 U.S. 100, 106 (1978) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)). However, 28 U.S.C. § 1292(b) provides an avenue for interlocutory relief if the court's order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance[s] the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (internal quotations omitted). Nevertheless, certification is "wholly within the discretion of the courts, even if the criteria are present." Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). Accordingly, certification for interlocutory review is to be granted sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

## III. DISCUSSION

Defendants argue that an interlocutory appeal is appropriate for two reasons. First, Defendants contend that this Court's January 27, 2014 order denying their motion to decertify warrants immediate review by the Third Circuit because the Supreme Court recently determined that collective actions should not proceed where, as here, class wide damages cannot be ascertained from representative/common evidence. (Defs. Br. 6.) Second, Defendants argue that their right to due process will be violated if this matter proceeds to a collective trial because "damages, liability, and other individualized defenses" cannot be established by common evidence. (See Defs. Br. 8.)

Because Defendants' "common evidence" and "due process" arguments are virtually identical and rely on the same case law, this Court will address them in tandem.

### 1. *Controlling Question of Law*

A controlling question of law is one which "if erroneous, would be reversible error on final appeal" and is "serious to the conduct of the litigation, either practically or legally." Katz, 496 F.2d at 755 (citations omitted).

Defendants posit, as they did in their motion for decertification, that it would be impossible to compute damages on a classwide basis in this matter because the sample of plaintiffs—about 30% of the collective—who were deposed gave widely varying testimony regarding the number of hours over forty they each worked weekly. (Defs. Br. 4.) Defendants argue that the Supreme Court's ruling in Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013) compels interlocutory review by the Third Circuit and reversal of this Court's decision. In Comcast, the Supreme Court reviewed the certification of a putative class consisting of 2 million current and former Comcast subscribers who sought damages for alleged violations of federal antitrust laws. 133 S. Ct. at 1429-30, 1435. The Supreme Court found the class certification improper under Federal Rule of Civil Procedure 23 ("Rule 23") because plaintiffs fell short of tying their damages theory to the particular antitrust theory upon which liability was premised. Id.

Comcast is distinguishable because it concerns class certification pursuant to Rule 23, whereas the instant matter involves a collective action under 29 U.S.C. § 216(b) of the FLSA. The Supreme Court and the Third Circuit have consistently held that Rule 23 certification requirements do not apply to FLSA collective actions. Genesis Heathcare Corp. v. Symczyk, 133 S. Ct. 1523, 1529 (2013) (post-Comcast opinion emphasizing that "Rule 23 actions are fundamentally different from collective actions under the FLSA") (citing Hoffman LaRoche v. Sperling, 493 U.S. 165, 177-78

(1989)); see also De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) ("Rule 23 is inapplicable to class proceedings under the FLSA.").[2]

Defendants' reliance upon Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011) in support of their contention that a collective trial would violate their due process rights is similarly unavailing. Wal-Mart, like Comcast, applies to class certification pursuant to Rule 23. Id. at 2545. Consequently, this Court's order denying Defendant's motion to decertify does not involve a controlling question of law.

2. *Substantial Ground for Difference of Opinion*

To pass muster, a substantial ground for a difference of opinion must arise "out of genuine doubt as to the legal standard." Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996). "Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation." Bais Yaakov of Spring

---

[2] Avis cites Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 772 (7th Cir. 2013) for the proposition that courts can apply Comcast to FLSA collective actions where class wide damages cannot be extrapolated from the representative/common evidence. Avis's reliance on this highly fact-sensitive case is misplaced. In Espenscheid, the Seventh Circuit affirmed decertification of a putative class of 2,341 DirectSat installation and service technicians alleging improper FLSA exemption because determining damages would "require 2341 separate evidentiary hearings[.]" Id. at 773-777. This finding was directly related to the manner in which Plaintiffs worked and were paid: the technicians were paid on a piece-rate basis, not a fixed hourly wage, and were required to self-report the time they worked. Id. at 772-73. The Court first found that there was a wide variance in the kind of tasks each technician performed and in the number of hours they worked weekly. Id. Second, the Court determined that DirectSat's reporting system implicitly encouraged underreporting as time efficiency was integral to job retention and/or promotion. Id. Therefore, the Court concluded, in order for the factfinder to adequately calculate damages, Plaintiffs would need to reconstruct the unreported time they worked from "memory . . . or estimate[] [it] in other ways" unique to each technician. Id. at 774-75.

The facts of this case do not mirror those confronted in Espenscheid. This Court found that the class members are adequately similarly situated to permit a collective trial. While Avis did not maintain time records for the members of this collective action, representative testimony is routinely accepted in this Circuit to allow a jury to assess class wide damages. See Stillman v. Staples, 2009 U.S. Dist. LEXIS 42247, at *65-67 (explaining that "[u]nder the law of this Circuit, plaintiffs need not present testimony of every member of the collective action to prove their case and recover damages.") Moreover, in a subsequent case, the Seventh Circuit held that, even within the context of Rule 23 class certification, Comcast does not mandate decertification simply because damages are not identical for all class members. See Butler v. Sears, Roebuck & Co., 727 F.3d 796, 801 (7th Cir. 2013) (stating that "it would drive a stake through the heart of the class action device, in cases in which damages were sought . . . to require that every member of the class have identical damages . . .").

Valley v. Peterson's Nelnet, LLC, No. Civ.A. 11-11 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013) (citing New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, No. Civ.A. 09-1629 (AET), 2009 WL 2905432, at *2 (D.N.J. Sept. 8, 2009)). Mere disagreement with the district court's ruling does not constitute "a substantial ground for difference of opinion" for Section 1292(b) purposes." Cardona v. General Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996).

In addition to Comcast and Walmart, Defendants urge this Court to adopt the holding in Aquilino v. Home Depot U.S.A., Inc., 2011 U.S. Dist. LEXIS 15759 at *29-31 (D.N.J. Feb 15, 2011) (Sheridan, J.) where a court within this District decertified a putative class of 1,500 nationwide employees alleging FLSA misclassification because the wide disparity in plaintiffs' duties would obviate useful representative testimony and violate Defendants' procedural rights.

As previously discussed, Comcast and Wal-Mart are inapplicable to the facts of this case, therefore they do not create "genuine doubt as to the correct legal standard" for certifying an FLSA class. Kapossy, supra, 942 F.Supp. at 1001. Likewise, Aquilino is factually distinguishable from the case at bar. In decertifying the putative class, the court in Aquilino initially determined that the plaintiffs were not similarly situated after evidence revealed significant variations in the day-to-day responsibilities of the 1,500 litigants. Aquilino, 2011 U.S. Dist. LEXIS 15759 at *25. Here, this Court held that Plaintiffs sufficiently demonstrated that they are similarly situated. See Ruffin, 2014 WL 294675, at *4. Defendants' mere disagreement with this Court's ruling on that issue does not constitute a substantial ground for a difference in opinion. Kapossy, 942 F. Supp. at 996.

### 3. *Materially Advance the Litigation*

"An interlocutory appeal materially advances litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly." Harnish v. Widener Univ. Sch. of Law, 2013 U.S. Dist. LEXIS

64104, at *11 (D.N.J. Apr. 30, 2013) Avis perfunctorily argues that any delay caused by an interlocutory appeal would be relatively short in comparison to the delay an impermissible collective trial would impose. (Defs. Br. 8)

An interlocutory appeal would not materially advance the instant litigation. First, an interlocutory appeal would not eliminate the need for trial because plaintiffs can individually re-file their claims if the class is decertified. This piecemeal approach would expend greater judicial time and resources. See Mohawk, supra, 558 U.S. at 106. Secondly, considering that Comcast and Walmart do not apply to the matter at hand, this Court's certification order does not involve complex issues to be eliminated with interlocutory review. Lastly, even if the class were decertified upon interlocutory appeal, the ease and cost of discovery would remain virtually identical or likely increase as Avis would have to conduct discovery in each of the resulting individual cases. In sum, this Court finds an interlocutory appeal inappropriate.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion is **DENIED**. As the request for certification for interlocutory appeal is denied, a stay will not be granted.

/s/ Susan D. Wigenton, U.S.D.J.

cc:     the Hon. Madeline Cox Arleo, U.S.M.J.